**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MICHAEL E. KENNEDY,

    Plaintiff,

    v.

MONTY WILKINSON,
*Acting Attorney General of the United States*,

    Respondent.

Civil Action No.:  CCB-21-1634

**MEMORANDUM OPINION**

On July 2, 2021, the above-entitled Petition for Writ of Mandamus was filed along with a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which the court now grants.  Because the petition must be dismissed, Plaintiff's Motion for Service of Process (ECF No. 3) will be denied.

Plaintiff seeks a writ of mandamus requiring the United States Attorney General[1] to arrest and prosecute Speaker of the House[2] Nancy Pelosi for destroying a copy of President Trump's State of the Union Address.  ECF No. 1.  Plaintiff asserts that he, and all other citizens of the United States, have a right to the "fair and equitable enforcement and prosecution of . . . federal laws" which is diminished by the Department of Justice's failure to prosecute Speaker Pelosi.  ECF No. 1 at 2.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which

---

[1]    The United States Attorney General is Merrick Garland.  Plaintiff improperly named Monty Wilkinson, who is no longer the acting United States Attorney General.

[2]    Plaintiff improperly refers to Speaker Pelosi as "Senator Pelosi."

permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

A writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui,* 333 F.3d 509, 516 (4th Cir. 2003). In order for a writ of mandamus to issue against federal officials a plaintiff must show, among other things, that he has the clear and indisputable legal right to the relief sought and that the defendant has a clear duty to do the particular act requested by the petitioner. *See Kerr*, 426 U.S. at 403; *In re First Fed. Savings and Loan Ass'n of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988); *see also* 28 U.S.C. § 1361 (district courts have jurisdiction over mandamus actions to compel performance of a duty "owed to the plaintiff"). Failure to satisfy these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Gov't Employees v. Fed. Labor Relations Auth.*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

The United States Attorney General's decision whether to investigate, indict, or prosecute Speaker Pelosi (or anyone else) is discretionary. *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977). Relatedly, private citizens have no constitutional or statutory right to compel a public official to investigate or prosecute another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Doe v. Mayor & City Council of Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990) (Niemeyer, J., sitting by designation).

For these reasons, Plaintiff can show neither that he has a clear and indisputable legal right to the relief sought nor that Defendant has a clear legal duty to perform the act sought to be compelled.

The writ of mandamus sought by Plaintiff is thus unavailable. Accordingly, the petition must be dismissed by separate Order which follows.

 7/9/2021
Date

                    /s/
Catherine C. Blake
United States District Judge